# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MARGARET N. MANUKIN,**
**Claimant Below, Petitioner**

FILED

March 22, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-0279** (BOR Appeal No. 2049657)
(Claim No.2002052289)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**WINANS SANITARY SUPPLY COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Margaret N. Manukin, by J. Marty Mazezka, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of Insurance Commissioner, by Anna Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 26, 2015, in which the Board affirmed a July 3, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 8, 2013, decision denying the following medications: Voltaren 50 mg, Amitriptyline, Cymbalta, and Lyrica. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited

1

circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Manukin injured her right ankle when her right foot twisted while walking down steps on April 2, 2002, and the claim was initially held compensable for sprain/strain of the ankle. The diagnosis of complex regional pain syndrome was later added to the claim. Joseph Goodwin, DPM, treated Ms. Manukin's compensable injury and prescribed her the following medications as stated in his March 28, 2013, addendum: Amitriptyline, Cymbalta, Percocet, Voltaren 75 mg, and Lyrica. On January 10, 2013, Dr. Goodwin requested the following medications be authorized in this claim: Amitriptyline, Cymbalta, Percocet, Voltaren 75 mg, and Lyrica. The February 13, 2013, claims administrator's decision authorized the following medications based on Dr. Goodwin's request: Voltaren 50 mg, Amitriptyline, Cymbalta, Percocet, Voltaren 75 mg, and Lyrica. The March 8, 2013, claims administrator's decision corrected its prior decision dated February 13, 2013, and denied the following medications: Voltaren 50 mg, Amitriptyline, Cymbalta, and Lyrica for unrelated or pre-existing conditions as there is no objective evidence that relates the above medications to the work injury.

The Office of Judges affirmed the claims administrator's decision and found that Ms. Manukin has not demonstrated that the medications Voltaren 50 mg, Amitriptyline, Cymbalta, and Lyrica should not have been denied. It noted that that authorization for the medications Percocet and Voltaren 75 mg, granted by the February 13, 2013, claims administrator's decision, is still in force and was not changed by this Order. The Board of Review affirmed the Office of Judges' Order. On appeal, Ms. Manukin disagrees and asserts that the Board of Review and the Office of Judges have materially mischaracterized Dr. Goodwin's correction of his office notes as only involving the amount of dosage of Voltaren when the notes clearly stated that there were two errors in his previous office notes and that the reason for noting the medications were prescribed by "Other MD" was caused by a switch from their old system to their new system. The West Virginia Office of Insurance Commissioner maintains that the requested medications are not reasonably required and medically necessary to treat the compensable injury.

The Office of Judges noted that Dr. Goodwin stated in his office notes that Ms. Manukin is taking eight different medications and that Amitriptyline, Cymbalta, Voltaren 50 mg, Lisinopril, and Augmentin are being prescribed by "Other MD". Dr. Goodwin's notes stated that he did prescribe Ms. Manukin the medications Percocet and Voltaren 75 mg for the compensable injury. The Office of Judges found that the March 8, 2013, did not affect the prior claims administrator's decision of February 13, 2013, in regards to the medications Percocet and Voltaren 75 mg but only denied the remaining medications in that Order. The Office of Judges concluded that Ms. Manukin has not demonstrated that the medications Voltaren 50 mg, Amitriptyline, Cymbalta, and Lyrica should not have been denied in this claim. It noted that the authorization for Percocet and Voltaren 75 mg is not changed by this Order. The Board of Review agreed with the findings and conclusions of the Office of Judges.

However, this Court disagrees with the conclusions of the Board of Review. Even though Dr. Goodwin's office notes initially stated that Amitriptyline, Cymbalta, and Lyrica were being prescribed by "Other MD", Dr. Goodwin stated that this was an error in his addendum dated

March 28, 2013, based on the file being transferred from the old system to the new system and that the new system automatically listed these medications as prescribed by "Other MD". The Office of Judges failed to mention this error in its Order but instead focused on the other error of listing the medication Voltaren with two different doses stated in Dr. Goodwin's addendum. Dr. Goodwin's remaining office notes listed that he was prescribing the following medications for Ms. Manukin: Amitriptyline, Cymbalta, Percocet, Voltaren 75 mg, and Lyrica. Dr. Goodwin's office notes did not specifically state what condition these medications were prescribed for, but he did request that these medications be approved in this workers' compensation claim on January 10, 2013.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim is remanded to the Office of Judges with instructions to consider on the merits the error in identifying the medication prescriber in Dr. Goodwin's office notes as disclosed by him in his March 28, 2013, addendum.

Reversed and Remanded.

**ISSUED: March 22, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Robin J. Davis